**Opinion issued August 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-15-00069-CR**
**NO. 01-15-00070-CR**
**NO. 01-15-00071-CR**
**NO. 01-15-00072-CR**

_____

**CHARLES TREVAUGHN TIGG BLAKEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1394420, 1409461, 1409462, 1410435**

---

**MEMORANDUM OPINION**

Appellant, Charles Trevaughn Tigg Blakey, pleaded guilty in four underlying cases to (1) the third-degree felony offense of making a false statement

to obtain property or credit of $20,000 or more but less than $100,000 (Case No. 1394420); (2) the state jail felony offense of fraudulently using or possessing identifying information—less than five items (Case No. 1409461); (3) the third-degree felony offense of theft of property valued at over $20,000 and under $100,000 (Case No. 1409462); and (4) the second-degree felony offense of sexual assault of a child (Case No. 1410435). *See* TEXAS PENAL CODE ANN. §§ 22.011(a)(2)(A) (West 2011), 31.03(e)(5) (West Supp. 2014), 32.32(c)(5) (West 2011), and 32.51(c)(1) (West. Supp. 2014). The trial court found appellant guilty in each case and, in accordance with the terms of appellant's plea bargain agreements with the State, sentenced appellant to three years' imprisonment for the offense of making a false statement to obtain property or credit, 214 days' imprisonment in county jail for the offense of fraudulently using or possessing identifying information, three years' imprisonment for the offense of theft, and three years' imprisonment for the offense of sexual assault of a child. Appellant, acting pro se, filed a consolidated notice of appeal for all four cases. We **dismiss** the appeals for lack of jurisdiction.

As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Rule 26 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App.

1996). Appellant's notice of appeal was due to have been filed within 30 days after the judgments were entered in the four underlying cases on June 27, 2014. *See* TEX. R. APP. P. 26.2(a)(1). However, appellant's consolidated notice of appeal was not filed until December 22, 2014—178 days after the June 27, 2014 judgments. Because appellant's December 22, 2014 notice of appeal was untimely, we have no basis for jurisdiction over these appeals. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Furthermore, in a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d). Here, the trial court's certifications included in the records on appeal state that these are plea bargain cases and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support each of the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must

dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

4